**Walter K. JOHNSON, Defendant–Appellant,**

v.

**STATE of Tennessee, Plaintiff–Appellee.**

Supreme Court of Tennessee,
at Knoxville.

May 26, 1992.

John W. McClarty, Chattanooga, for defendant-appellant.

Charles W. Burson, Atty. Gen. & Reporter, Gordon Smith, Deputy Atty. Gen. and C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

## OPINION

REID, Chief Justice.

This case presents an appeal from the judgment of the Court of Criminal Appeals, which affirmed the denial of a petition for post-conviction relief. The record shows that even though the trial court did not advise the petitioner of the right against self-incrimination, the guilty plea accepted by the trial court was knowing and voluntary; the petitioner, therefore, is not entitled to have the conviction vacated.

The due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). A knowing and voluntary plea includes the intentional relinquishment or abandonment of known rights. *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn.1977). The relinquishment of certain constitutional rights, including the right against self-incrimination, will not be presumed from a silent record. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. Therefore, unless there is an affirmative showing that the plea was knowing and voluntary, a guilty plea may be vacated upon collateral attack. *See id.; Roddy v. Black*, 516 F.2d 1380, 1383–84 (6th Cir.1975); *Mackey*, 553 S.W.2d at 340–42.

A finding that the guilty plea was entered voluntarily is fundamental to its

constitutional integrity. As the United States Supreme Court noted in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

> Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice.

397 U.S. at 748, 90 S.Ct. at 1468–69. Just as constitutionally integral as the voluntary requirement is the requirement that the plea be made knowingly. The United States Supreme Court and this Court have found that for a plea to be knowing and intelligent the accused must have certain knowledge regarding the procedure whereby persons charged with crimes are tried, the significant burdens imposed upon the prosecution, and the protections afforded the accused. The *Brady* Court continues, explaining the rationale behind the knowing requirement:

> But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.

397 U.S. at 748, 90 S.Ct. at 1469 (footnote omitted).

Both the United States Supreme Court, by Federal Rule of Criminal Procedure 11, and this Court, by Tennessee Rule of Criminal Procedure 11 and by Court decisions, *see State v. Mackey*, 553 S.W.2d at 337, and *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), have required that trial courts advise defendants of certain rights before accepting guilty pleas and that a record be made of the hearing at which the plea is entered. Advice by the trial court is a reliable means of ensuring that defendants are made aware of their rights. Making a record of such advice subjects the issue to easy proof. As this Court stated in *State v. Neal*, 810 S.W.2d 131 (Tenn.1991),

> The common and compelling purpose behind all of these rules [requiring trial courts to advise defendants of certain rights] is to seek to insulate guilty pleas from coercion and relevant defendant ignorance. They are designed to insure that guilty pleas are voluntary and knowing.

*Id.* at 135. The objective is that the accused who is considering the entry of a guilty plea have sufficient knowledge with which to make an informed and intelligent decision.

■ The Court in *Mackey* addressed both constitutional and non-constitutional issues. It set forth procedural requirements for the acceptance of guilty pleas designed to ensure that such pleas are knowing and voluntary as required by *Boykin*. In addition to the procedural requirements adopted to ensure protection of the federal constitutional rights recognized in *Boykin*, the Court, in the exercise of its supervisory or rule-making authority, mandated other advice and findings in order to ensure that the courts of this State afford fairness and justice in criminal cases. *Mackey*, 553 S.W.2d at 341. The mandated advice procedures were reviewed by the Court in *Neal* "to give additional direction to guide the actions and decisions of trial and appellate courts in addressing *Mackey* issues." 810 S.W.2d at 134. Essential to these proper actions and decisions by the courts is recognition of the distinction between the rights to be protected and the procedures designed to ensure the protection of those rights. The procedure, though mandated, is only a means of ensuring that the accused has "sufficient awareness of the relevant circumstances and likely consequences" to make a knowing decision. *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469. It is the result, not the process, that is essential to a valid plea. The critical fact is the defendant's knowledge of certain rights, not that the trial judge was the source of that knowledge. Since a finding that a plea was knowing and voluntary as

required by *Boykin* is a constitutional right, the conviction may be attacked collaterally. *See Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *Roddy*, 516 F.2d at 1383–84; *Mackey*, 553 S.W.2d at 340–42. Whether the additional requirements of *Mackey* were met is not a constitutional issue and cannot be asserted collaterally. *State v. Prince*, 781 S.W.2d 846, 853 (Tenn.1989).

Petitioner in the case at bar undertakes to assert the violation of a constitutional right. The Post–Conviction Procedure Act, T.C.A. §§ 40–30–101 to –124, provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered, as required by *Boykin*. A well-drafted petition will allege the factual basis for relief, which would be that the petitioner was not aware of his constitutional rights and that, therefore, his plea was not knowing and voluntary. It should be noted that an allegation that the petitioner was not aware of his constitutional rights is not the same as the allegation that the petitioner was not advised by the trial court of those rights. Obviously, the petitioner actually may have been aware of his constitutional rights even though the trial court failed to advise him of them and failed to determine at the plea hearing that petitioner was aware of his rights.

■ If the record of the hearing at which the plea was accepted—which if not made a part of the petition for post-conviction relief must be filed by the District Attorney General (T.C.A. § 40–30–114)— does not affirmatively show that the guilty plea was knowing and voluntary, the petitioner has established a *prima facie* case for relief. *See Roddy v. Black*, 516 F.2d at 1384. Unless other evidence shows that the plea was knowing and voluntary, the conviction based on the plea must be vacated. *See id.* at 1383–84. However, if, as in the case at bar, the record shows by clear and convincing evidence that the plea was knowing and voluntary, then the petitioner is not entitled to relief.

In the case at bar, the petitioner alleges, The trial court did not address the Petitioner in open court and inform Petition-

er of or determine whether he understood the constitutional rights that he was waiving specifically including but not limited to Petitioner's right not to be compelled to incriminate himself.

Petitioner continues,

The trial court did not address the Petitioner in open court and determine whether Petitioner ... was voluntarily and intelligently entering said guilty plea.

■ The petition, therefore, charges that the trial court failed to advise the petitioner of his right against self-incrimination and that the trial court failed to determine that the plea was knowing and voluntary. This allegation, if supported by evidence, is sufficient to shift the burden of going forward to the State; it does not, *ipso facto*, entitle the petitioner to relief. The State may rebut the allegation with proof of substantial compliance with the advice requirement, which would show that the petitioner was made aware of his constitutional rights, or the State alternatively may show that the petitioner was aware of his constitutional rights and that therefore the trial court's failure to give the mandated advice was harmless error.

■ In this case, the transcript of the hearing at which the plea was accepted shows that the petitioner signed and understood the petition to plead guilty; that he had not been induced or coerced to plead guilty; that he understood the charges of first degree murder, burglary of an automobile, and grand larceny; that he understood the reduced charges and the proposed concurrent sentences; that the court advised him of the right to a jury trial and to confront witnesses; that he had entered pleas of guilty in several other cases; that he understood what he was doing; and that he was satisfied with the services of his lawyer. He was also advised by the court that one of his trial options might be that "the State wouldn't be able to prove [him] guilty and [he] wanted to rely on that." The transcript of the hearing also shows that the petitioner confirmed the Assistant District Attorney General's account of the crimes, which involved his firing a weapon

into an automobile killing one occupant and wounding another. At the hearing on the petition for post-conviction relief, he recanted selected portions of his prior testimony and claimed that his lawyer had coerced his prior testimony with the threat that he would be sentenced to death if he did not plead guilty. There was no evidence to support this latter testimony, which the trial court found not to be credible. The petitioner acknowledged, at the post-conviction hearing, that immediately prior to entering pleas of guilty he observed the jury selection in another case, during which the lawyers discussed a defendant's right not to testify.

The transcript of the plea hearing does not show that the trial court advised the petitioner of the right against self-incrimination. However, based on the transcript of the plea hearing and proof at the post-conviction hearing, the record shows that the petitioner was aware of his right against self-incrimination. Consequently, the trial court's failure to advise him of that constitutional right was harmless error.

■ The facts of this case are similar to those in *Neal*, 810 S.W.2d at 131. In that case, the trial court explained to the accused only the right to confront witnesses against him. However, the defendant testified that at the time the plea was accepted he knew of his right to a jury trial, his right to counsel, his right to confront witnesses, his right to present evidence, and his right against self-incrimination. The trial court held that the plea had been entered knowingly and voluntarily. The Court of Criminal Appeals recognized that the plea had been entered knowingly and voluntarily but felt that under *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987), the failure to state the litany of rights set forth in *Mackey* required reversal. This Court held in *Neal* that the pleas were entered knowingly and voluntarily and that the trial court's failure to comply with the mandated advice procedures was harmless error.

The Court in *Neal* stated:

In a case where the erroneous omission [to advise the accused of his constitutional rights] is the basis for relief under a post-conviction petition, the defendant-petitioner must allege and prove the omission, and that but for the omission the guilty plea would not have been entered. If this thesis is established *prima facie*, then the burden shifts to the State to justify the error by establishing through extrinsic evidence the defendant's knowing and voluntary relinquishment of the involved constitutional protections, despite the erroneous omission.

810 S.W.2d at 139. The "but for" expression in that case should not be read to impose an additional burden upon the petitioner. His burden is only to demonstrate that the plea was unknowing or involuntary. In the absence of the transcript or other evidence, his testimony alone may be sufficient for that purpose. However, if the transcript, as in *Neal* and the case at bar, shows that although all the mandated advice was not given, the plea, nevertheless, was knowing and voluntary, the absence of the advice does not entitle the petitioner to relief. Nor does a showing that the court failed to determine that the pleas were knowing and voluntary if the record shows that the pleas were, in fact, knowing and voluntary. Perhaps a better statement of the rule is that mere proof that the trial court failed to give the accused the advice mandated does not establish that the plea was unknowing or involuntary, but, nothing else appearing, it does shift the burden of proof to the State. The State may then, by clear and convincing proof, establish that the plea was knowing and voluntary, in which event the plea will not be disturbed. In the absence of such showing, petitioner will be entitled to relief. However, if the transcript shows that the petitioner was aware of his constitutional rights, he is not entitled to relief on the ground that the mandated advice was not given. Also, if all the proof presented at the post-conviction hearing, including the transcript of the guilty plea hearing, shows that the petitioner was aware of his constitutional rights, he is not entitled to relief.

The procedure recognized by *Neal* and followed in this case is consistent with federal decisions. The Sixth Circuit Court of Appeals has held that the failure of a trial judge to articulate a right mentioned in *Boykin* does not, as a matter of law, render a judgment constitutionally infirm. *See Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988); *Campbell v. Marshall,* 769 F.2d 314, 324 (6th Cir.1985).

The evidence does not preponderate against the judgment of the trial court finding that the plea was knowing and voluntary; consequently, the judgments of the Court of Criminal Appeals and the trial court denying the petition for relief are affirmed. Costs will be borne by the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.