OPINION

BYERS, Judge.
The appellant filed four post-conviction petitions, three of which attack prior convictions used to convict him of being an habitual criminal. He also filed a post-conviction petition in which he attacked the conviction for being an habitual criminal, based upon a claim that the three underlying convictions were invalid. Because all of the convictions were rendered against the appellant in the Hamilton County Criminal Court, they were consolidated for trial.
The convictions under attack are as follows:
No. 120864
Attempt to commit a felony.
No. 120819
Attempt to commit a felony.
No. 119235
Receiving stolen property.
No. 140124
Armed robbery and habitual criminal.
The evidence in the trial court focused only on the allegation that the appellant did not voluntarily and knowingly waive his right to a trial and enter pleas of guilty because the trial judge did not advise him of his right not to incriminate himself as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and by Rounsaville v. Evatt, 733 S.W.2d 506 (Tenn.1987). As a corollary to the issue raised, there is the matter of whether the failure to do so was harmless error.
The trial judge found the pleas of guilty were voluntarily and knowingly entered and *919 further found the alleged defects were waived because they had not been litigated in a previous petition for post-conviction relief filed by the appellant.
We find the appellant has shown his pleas of guilty to the offenses in the underlying felonies used to convict him of being an habitual criminal were not knowingly and voluntarily entered, nor did he waive these matters because they were not litigated in a prior post-conviction petition.
We reverse the judgment of the trial court and set aside the convictions in the following cases in Hamilton County:
No. 120864
Attempt to commit a felony.
No. 120819
Attempt to commit a felony.
No. 119235
Receiving stolen property.
In case No. 140124, wherein the defendant was convicted of armed robbery and of being an habitual criminal, we set aside the habitual criminal conviction. The conviction for armed robbery is left intact and valid.
Each of the underlying cases in which we have set aside the conviction is remanded to the Hamilton County Criminal Court for such proceedings as are proper under the law. Also, we remand to the Hamilton County Criminal Court the armed robbery conviction for the purpose of resentencing the appellant in accordance with the law applicable thereto.
There are several issues raised in this appeal. However, we see the only relevant issues to be:
Were the pleas voluntarily and knowingly entered, and did the appellant waive this issue by failure to raise it in a prior post-conviction proceeding.
The evidence in this case consists of the forms signed by the appellant at the time he entered pleas of guilty on the underlying felonies, the transcript of the entry of the pleas and the testimony of the appellant. The evidence shows the trial judge did not advise the appellant of his right not to incriminate himself.
The appellant testified he was unaware of his right against self-incrimination at the time he entered the pleas.
The evidence offered by the state to refute this contention was the testimony of the attorney who represented the appellant at the entry of the pleas.
The attorney testified he would customarily go over the constitutional rights which an accused had as they were set out in the waiver of rights form used when pleas of guilty were to be entered.
The forms used in this case did not contain the advice regarding the right against self-incrimination. When asked if he would have given this additional advice to a client, the lawyer testified he probably did. Counsel was less than certain of whether this was done because he could not remember the appellant or the entry of the pleas.
In the case of Johnson v. State, 834 S.W.2d 922 (Tenn.1992), the Supreme Court said:
If the record of the hearing at which the plea was accepted — which if not made a part of the petition for post-conviction relief must be filed by the District Attorney General (T.C.A. § 40-30-114) — does not affirmatively show that the guilty plea was knowing and voluntary, the petitioner has established a prima facie case for relief. See Roddy v. Black, 516 F.2d [1380] at 1384 [ (6th Cir.1975) ]. Unless other evidence shows that the plea was knowing and voluntary, the conviction based on the plea must be vacated.
As pointed out by the Supreme Court in Johnson, the essential issue is not the failure of the trial judge to inform the accused of the right, which determines the knowing and voluntary nature of the plea, it is rather whether the entire evidence shows or fails to show the accused was aware of the rights which he was waiving when he entered the pleas.
In this case, we find the state has not carried the burden imposed upon them to *920 show the pleas of guilty were knowingly entered. When knowledge of a right is not shown, the voluntary relinquishment of the right cannot be found.
In 1982, the appellant filed a pro se petition for post-conviction relief. The issue of the voluntariness of prior pleas was not litigated therein.
Counsel was appointed to represent the appellant in that case. Counsel obtained the recording discs which contained the guilty pleas of 1973. However, the machine upon which the recordings were made was no longer in use and counsel was unable to have them transcribed in time for the hearing on that petition.
The attorney testified in this case that he did not think he could make out a case sufficient to upset the guilty pleas for lack of a knowing and voluntary relinquishment of the rights at issue here without the transcripts. Based upon this, the attorney advised the appellant he should not pursue this issue in that proceeding, but reserve it for later litigation. The appellant acquiesced in this advice.
Counsel was in error concerning the advice given the appellant. The errors of counsel in a post-conviction hearing do not give a petitioner any general right to another hearing in a subsequent post-conviction proceeding. However, the evidence of such errors may be considered in determining whether there was a knowing and understanding waiver by failure to raise an issue in a pi’ior post-conviction proceeding.
In Swanson v. State, 749 S.W.2d 731, 735 (Tenn.1988), our Supreme Court said:
The cases construing the waiver provision of T.C.A. § 40-30-112 require that the petitioner make an affirmative showing of why an issue was not raised at an earlier opportunity to rebut the presumption of waiver. Such a waiver must have been knowingly and understandingly made, however, for the presumption to survive attack.
In this case, the appellant has shown why this issue was not litigated. We believe he was entitled to rely upon the advice of his counsel to not pursue the issue without being found to have knowingly and understandingly waived the right to litigate this essential element in a subsequent petition for post-conviction relief.
BIRCH and TIPTON, JJ., concur.