## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1997



**FILED**

**July 10, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

ALBERT LEWIS,                    )
                                 )
      Appellant         )
                                 )
vs.                              )
                                 )
STATE OF TENNESSEE,              )
                                 )
      Appellee          )
                                 )
                                 )
                                 )
                                 )

No. 02C01-9512-CR-00394

SHELBY COUNTY

Hon. BERNIE WEINMAN, Judge

(Post-Conviction)

(Three counts of Aggravated Rape; One Count Aggravated Robbery)

For the Appellant:

**JAMES A. COHEN**
Attorney at Law
200 Jefferson Avenue
Suite 925
Memphis, TN 38103

**JEANNE REA**
Attorney at Law
6000 Poplar Avenue
Suite 401
Memphis, TN 38117

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**REGINALD HENDERSON**
Asst. District Attorney General
Shelby County District Attorney's Office
Criminal Justice Complex
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

The appellant, Albert Lewis, appeals from the dismissal of his petition for post-conviction relief. On December 17, 1991, the appellant pled guilty in the Shelby County Criminal Court to three counts of aggravated rape, and, on January 10, 1992, to one count of aggravated robbery. He received a sentence of twenty years for each aggravated rape conviction and a sentence of eight years for the aggravated robbery conviction. All sentences were ordered to run concurrently. On March 2, 1994, the appellant filed a petition for post-conviction relief alleging that his guilty pleas were not entered knowingly and voluntarily and that he received the ineffective assistance of counsel. Specifically, he contends that his pleas were not voluntary because neither counsel nor the trial court advised him of his Fifth Amendment right against self-incrimination. In reference to his ineffective assistance of counsel claim, he alleges that trial counsel failed to file pre-trial motions, failed to interview potential witnesses, and misinformed him of his release date. The post-conviction court conducted an evidentiary hearing and denied relief. The appellant now appeals this denial.

At the post-conviction hearing, the appellant's trial counsel testified that she filed motions for discovery, investigated the charges against her client, and interviewed potential witnesses. Moreover, counsel testified that she reviewed with the appellant the implications of waiving his right to a jury trial, including his right that he could not be compelled to incriminate himself. Trial counsel denied making any promise to the appellant concerning the length of time he would serve. The transcript of the December 17, 1991, guilty plea hearing reflects that the appellant was specifically advised by the trial judge of his right against self-incrimination. The State concedes, however, that the transcript of the January 10, 1992, plea hearing does not indicate that the appellant, on that occasion,

was advised of his right against self-incrimination by the trial judge.

In denying relief, the post-conviction court accredited the testimony of the appellant's trial counsel and concluded that "at the time the [appellant] entered his guilty plea he understood his right against self-incrimination and he entered his guilty plea freely and voluntarily." The court further found that trial counsel "appropriately investigated the case" and did not misinform the appellant as to his period of incarceration.

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979). Although the record reflects that the appellant was not advised of his right against self-incrimination at the January 10, 1992, guilty plea hearing, the record is clear that the appellant was informed of and had acknowledged this same right twenty-four days earlier. Moreover, the proof establishes that trial counsel explained to the appellant his right against self-incrimination in addition to other constitutional rights he was relinquishing by entering a plea of guilty. In Johnson v. State, 834 S.W.2d 922, 924 (Tenn. 1992), our supreme court reiterated the principal that "for a plea to be knowing and intelligent the accused must have certain knowledge regarding . . .the [constitutional] protections afforded the accused." The court distinguished the fact that a defendant may be aware of his constitutional rights even though not advised thereon. Id. at 925. Additionally, if an allegation that the defendant was not advised of his right against self-incrimination is supported by the evidence, the burden of proving a knowing plea shifts to the State. Id. However, "it does not, *ipso facto,* entitle the [defendant] to relief." Id. The State may rebut the allegation with proof that "the [defendant]

was aware of his constitutional rights and that therefore the trial court's failure to give the mandated advice was harmless error." Id. If, as in the case at bar, the record shows by clear and convincing evidence that the plea was knowing and voluntary, then the appellant is not entitled to relief. Id. The record indicates that the appellant understood his right against self-incrimination and that his guilty pleas were entered knowingly and voluntarily. After reviewing the record, we cannot conclude that the evidence preponderates against the post-conviction court's findings. Accordingly, we find no error of law mandating reversal of the court's judgment. The post-conviction court's denial of the appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
WILLIAM M. BARKER, Judge

4