IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION



| | | |
|---|---|---|
| ISAIAH HIGGS, | * | C.C.A. # 02C01-9801-CR-00021 |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. Arthur T. Bennett, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction-First Degree Murder) |
| Appellee. | * | |

**FILED**

**December 31, 1998**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

For Appellant:

Linda K. Parson, Attorney
511 Jackson Street
Corinth, MS 38834

For Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Cordell Hull Building, 2d Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

Glen Baity
Assistant District Attorney General
Criminal Justice Center, Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Isaiah Higgs, appeals the trial court's denial of post-conviction relief. In this appeal of right, the petitioner claims that his guilty pleas were neither knowingly nor voluntarily entered. Because the evidence does not preponderate against the findings to the contrary by the trial court, the judgment is affirmed.

While on trial for first degree and felony murder, attempted especially aggravated robbery, and four counts of attempted first degree murder, the petitioner, on May 1, 1996, entered negotiated pleas of guilt to first degree murder, attempted especially aggravated robbery (eight years), and two counts of attempted first degree murder (fifteen years on each). A life sentence was imposed for the first degree murder. As a result of the plea, the state withdrew a demand for the death penalty. The trial court ordered concurrent sentences on all four counts.

On April 9, 1997, the petitioner filed this petition for post-conviction relief alleging that his convictions were based upon involuntary guilty pleas "entered without understanding the nature and consequences of the pleas" and contending that his trial counsel was ineffective for the failure to adequately investigate the circumstances and communicate with his client. At the conclusion of the evidentiary hearing, the trial court determined that defense counsel had met the professional guidelines of representation and further concluded as follows:

> This court is satisfied that Petitioner was made fully
> aware of all the consequences of his guilty plea and that
> he entered into such plea knowingly and voluntarily.
> Petitioner testified that he had read the guilty pleas and
> that he understood all the rights he was giving up by
> pleading guilty. Petitioner alleges that he was forced to
> plead guilty because threats were being made against
> him and his family by two of his co-defendants.
> However, when accepting the guilty plea, petitioner made
> no mention of any threats being made to him. Petitioner

2

> fully understood that he was entering the guilty plea
> freely and voluntarily and [through review of the transcript
> of the submission hearing] that no one could force or
> compel him to enter a plea of guilty.

In this appeal, the petitioner has withdrawn his claim that trial counsel was ineffective but persists in his argument that the pleas were neither knowingly nor voluntarily made. In a post-conviction proceeding, the petitioner has the burden of proving his allegations by and clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of the trial court are conclusive unless the evidence preponderates otherwise. Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain constitutional rights before entering guilty pleas, including the right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Id. at 243. The overriding requirement under Boykin is that the guilty plea must be knowingly and voluntarily made. Id. at 242-44. If the proof establishes that the defendant was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992).

In our view, the evidence does not preponderate against the trial court's determination that the pleas were knowingly and voluntarily made. The transcript establishes that at the guilty plea proceeding, the petitioner was advised of his full panoply of constitutional rights. See State v. Neal, 810 S.W.2d 131 (Tenn. 1991), overruled in part by, Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993).

Accordingly, the judgment is affirmed.

3

 

 

 

 

                                    _____

                                  Gary R. Wade, Presiding Judge

CONCUR:

 

 

_____

Thomas T. Woodall, Judge

 

 

_____

John Everett Williams, Judge