IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2001

## CAMILLA RAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 71964     Ray L. Jenkins, Judge**

---

**No. E2001-01189-CCA-R3-PC**
**February 19, 2002**

---

The petitioner appeals from the Knox County Criminal Court's denying her post-conviction relief from her especially aggravated robbery and especially aggravated kidnaping convictions and resulting concurrent fifteen-year sentences that she received in 2000 based upon her pleas of guilty. She contends that her guilty pleas resulted from the ineffective assistance of counsel in that counsel misadvised her about the percentage of her sentence that she would have to serve in confinement. We affirm the trial court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Camilla Ray.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The stipulated proof at the petitioner's guilty plea hearing reflects that she and a male co-defendant robbed an acquaintance of theirs in the victim's home. Both assaulted the victim with knives and the victim received permanent injuries. The two also took more than six hundred dollars from the victim. The record reflects that the petitioner's sentences were to be served consecutively to a sentence that she was serving at the time of the plea.

The petitioner and her trial attorney testified at the post-conviction hearing. The petitioner testified that her trial attorney told her that the state had offered "15 at 85," and he said that she would have to do "7 or 8 on a 15." She said that the attorney told her that she was facing forty-four to fifty years. She said that after thinking about seven to eight years, she decided to accept the plea. The petitioner testified that in court the attorney told her that the trial court was going to say "15 at

100 percent," but he added that if she stayed out of trouble there could be a fifteen percent reduction. She also acknowledged that the trial court told her the sentence was going to be fifteen years at one hundred percent. She also said that she had a defense in that she only did what her co-defendant told her to do because she was afraid that he would hurt her or her children.

The trial attorney testified about his preparation for trial. He said he attended the petitioner's revocation hearing, obtained the preliminary hearing tape, and talked to witnesses mentioned by the petitioner. He said he accepted telephone calls from the petitioner and met with her many times. The attorney said he was ready to go to trial even though he believed that the petitioner was in "real trouble" given the facts.

The attorney testified that on the day before the petitioner's pleas were entered, he and an investigator met with the petitioner and did a practice examination. He said that the petitioner told several different versions in her answers and that they discussed with her the problems with her answers. The attorney said that he was concerned that the petitioner would get anywhere from twenty-two to forty-four years and that he recommended that the petitioner accept the state's fifteen-year offer. He said that he told the petitioner that the crimes required one hundred percent service of the time but that she could be eligible for up to fifteen percent off. He denied telling her that she would serve only seven years on a fifteen-year sentence.

The guilty plea hearing transcript reflects that the trial court explained to her that she was getting fifteen years at one hundred percent and the petitioner stated that she understood this sentence. At the conclusion of the proof in the post-conviction hearing, the trial court found that the petitioner had not proven her allegations by clear and convincing evidence, nor even by a preponderance of the evidence. It noted that the petitioner had indicated her agreement and knowledge of the sentence and its service during the guilty plea hearing. It found that no proof reflected that the attorney rendered the ineffective assistance of counsel.

In this appeal, the petitioner argues that the trial court's findings are incorrect. She asserts that her attorney's advice concerning the sentence was confusing and misleading. She claims never to have understood the actual sentence being imposed and that if she had known, she would have gone to trial. The state responds that the petitioner has presented nothing in her appeal that would undermine the trial court's findings.

When a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). To satisfy the requirement of prejudice when the petitioner entered guilty pleas, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The burden was on the petitioner in the trial court to prove by clear and convincing evidence the factual allegations that would entitle her to relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, the petitioner now has the burden of illustrating how the evidence preponderates against the judgment entered. We also note that we review the court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. Id.

Given our standard of review, the petitioner's argument avails her nothing. Essentially, she seeks to have us ignore the trial court's findings and to accredit her testimony above the evidence provided by her trial attorney and by the transcript of her guilty plea hearing. However, she does not explain what exists in the record that supports her testimony and rebuts the trial court's findings. The attorney's testimony and the petitioner's acknowledgment at the guilty plea hearing that she understood the sentence and its service requirements are telling. In dealing with a collateral attack on a guilty plea, courts generally are skeptical when a prisoner attempts to repudiate earlier statements made when the plea was entered, because "[s]olemn declarations in open court carry a strong presumption of verity" and the prior testimony "constitutes a formidable barrier" in the collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977); see also State v. Johnson, 834 S.W.2d 922, 926 (Tenn. 1992). We conclude that the evidence does not preponderate against the trial court's findings.

In consideration of the foregoing and the record as a whole, the trial court judgment is affirmed.

_____
JOSEPH M. TIPTON, JUDGE