IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 17, 2010 Session

## RUSSELL NOLEN QUARLES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. CR-084387    Timothy L. Easter, Judge**

---

**No. M2010-00196-CCA-R3-PC - Filed January 14, 2011**

---

The Petitioner, Russell Nolan Quarles, pled guilty to possession of drug paraphernalia and received a sentence of eleven months and twenty-nine days.  Subsequently, the Petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective and that his guilty plea was not knowingly and voluntarily entered.  The post-conviction court denied the petition, finding the Petitioner failed to prove his claims.  On appeal, the Petitioner challenges the post-conviction court's ruling.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Dale M. Quillen (at trial) and Ken Quillen (on appeal), Nashville, Tennessee, for the appellant, Russell Nolen Quarles.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On January 14, 2009, the Petitioner entered in the Williamson County General Sessions Court a plea of guilty to possession of drug paraphernalia in exchange for a probationary sentence of eleven months and twenty-nine days and the dismissal of the charge

of possession of marijuana. On July 21, 2009, the general sessions court found that the Petitioner had violated the terms of his probation and ordered the Petitioner to serve ninety days in jail.[1]

Thereafter, on August 31, 2009, the Petitioner filed a petition for post-conviction relief, and on September 9, 2009, he filed an amended post-conviction petition. In the petitions, the Petitioner alleged that his counsel was ineffective, that his plea was not knowingly and voluntarily entered, and that, because his plea was "not recorded," it violated the dictates of State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977), superseded on other grounds by Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b).

At the post-conviction hearing, the Petitioner's trial counsel testified that he had been licensed to practice since 1988 and that approximately one-third of his practice was dedicated to criminal law. The Petitioner hired trial counsel after he was charged with possession of marijuana and possession of drug paraphernalia in the instant case. Trial counsel and the Petitioner discussed the case. Trial counsel stated that the Petitioner had a potential defense regarding the search of the Petitioner's vehicle, during which the evidence against the Petitioner was discovered. Trial counsel advised the Petitioner about the potential for a motion to suppress.

Trial counsel said that while the Petitioner's case was in general sessions court, the State offered to allow the Petitioner to plead guilty to possession of drug paraphernalia in exchange for the dismissal of the possession of marijuana charge. Trial counsel told the Petitioner of the State's offer but advised him against taking the plea bargain, reminding the Petitioner of the potential for a successful motion to suppress the evidence found during the car search. However, the Petitioner was concerned about the cost of pursuing the case to circuit court and decided to plead guilty.

Trial counsel stated that he advised the Petitioner of all of the rights he was waiving by entering a guilty plea. The Petitioner did not ask any questions about his rights and appeared to understand the consequences of the guilty plea and the rights he was waiving. Trial counsel said that during the plea proceeding in general sessions court, the trial judge advised the Petitioner and two other defendants at the podium of the rights waived by a guilty plea. After receiving the advice of the court, the Petitioner signed in front of the judge a guilty plea form, which also advised of the rights being waived.

The Petitioner testified that he met with trial counsel once or twice during the course of representation. He said that he was concerned about the cost of pursuing his case in circuit

---

[1] This sentence was stayed pending the outcome of the post-conviction proceedings.

court, noting that he did not think he could afford to hire another attorney to help him. The Petitioner said he could not remember whether he was present when the trial judge went over his rights, explaining that he might have been late for court that day. However, the Petitioner later acknowledged that he heard the trial judge "verbally going over [his] rights." The Petitioner stated he did not understand the rights he was waiving by pleading guilty, but he could not specifically state what right or rights of which he was not informed. Additionally, the Petitioner acknowledged that trial counsel explained the rights waived by pleading guilty and that ten or fifteen years earlier he "went to court . . . [with] a lawyer" regarding a driving under the influence charge.

A compact disc (CD) and transcript of the guilty plea proceedings were submitted as exhibits at the hearing. The proceeding reflects that the general sessions court "call[ed] the docket," specifically asking whether the Petitioner was present. The Petitioner's trial counsel told the court the Petitioner was present, and the court instructed all of the defendants present to "stay in the courtroom until you've heard your rights." Thereafter, the court advised all defendants present of the rights being waived by entering a guilty plea. However, the proceeding does not reflect that the court individually addressed the Petitioner. Additionally, the Petitioner produced a "certificate" from the court reporter who transcribed the proceedings, stating that "after listening twice (from commencement to adjournment of proceedings) of the audio cd dated January 14, 2009, after the initial call of the docket, no further recorded proceedings were found as to the [Petitioner]."

At the conclusion of the hearing, the post-conviction court found that the Petitioner failed to prove his claims by clear and convincing evidence. The court observed that the Petitioner had been fully advised by trial counsel and the trial court about the consequences of the guilty plea, and the Petitioner nevertheless chose to plead guilty. Further, the post-conviction court found that although the plea proceedings were not formally recorded in accordance with Mackey, that failing did not entitle the Petitioner to post-conviction relief. On appeal, the Petitioner challenges the post-conviction court's ruling.

## II.  Analysis

To be successful in a claim for post-conviction relief, a petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved

by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When a defendant enters a plea of guilty, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v.

Alford, 400 U.S. 25, 31 (1970). In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. Boykin, 395 U.S. at 244.

In Mackey, 553 S.W.2d at 341, our supreme court set out the procedure trial courts in Tennessee should follow when accepting guilty pleas. Prior to accepting the guilty plea, the trial court must address the defendant personally in open court, inform the defendant of the consequences of the guilty plea, and determine whether the defendant understands those consequences. See id.; Tenn. R. Crim. P. 11(c). A verbatim record of the guilty plea proceedings must be made and must include, without limitation, "(a) the courts advice to the defendant, (b) the inquiry into the voluntariness of the plea including any plea agreement and into defendant's understanding of the consequences of his entering a plea of guilty, and (c) the inquiry into the accuracy of a guilty plea." Mackey, 553 S.W.2d at 341.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

The post-conviction court found that the Petitioner "could not point to any particular reason that he was dissatisfied with the service" of counsel. Further, the court noted that counsel met with the Petitioner, discussed the case with him, and advised him of the consequences of pleading guilty. The court accredited the testimony of trial counsel, who testified that the Petitioner understood his rights and his guilty plea. Therefore, the court found that counsel was not ineffective and that the Petitioner knowingly and voluntarily pled guilty. We agree.

Regarding the Petitioner's complaint about the guilty plea proceeding not being properly recorded, the post-conviction court stated:

The Petitioner claims his plea was not recorded and therefore his plea is invalid. To support this position, the Petitioner submitted the affidavit of [the] court reporter, stating that she reviewed the record (CD) and could not find the plea of the Petitioner.

The State provided the Court with a copy of the record from the January 14, 2009, Williamson County General Sessions hearing which the Court has fully reviewed. . . . The Court finds that the [Petitioner] was present in the courtroom when the General Sessions Judge went over the Petitioner's rights with him at the opening of court. The Petitioner has failed to demonstrate by clear and convincing evidence otherwise.

The record establishes that [trial counsel] explained the plea agreement and the resulting consequences to the Petitioner before the Petitioner entered his plea.

This Court concludes that the Petitioner's plea . . . was made knowingly and voluntar[ily]. The Court also finds the Petitioner was present when the Court advised him of his rights and such proceeding was recorded.

Although the record before us does not reflect whether the Petitioner was individually advised of his rights, the record does reflect that the Petitioner was aware of his rights. As this court has previously noted, "'[i]t is the result not the process, that is essential to a valid plea. The critical fact is the defendant's knowledge of certain rights, not that the trial judge was the source of that knowledge.'" Patrick Joseph Rigger v. State, No. E2009-01052-CCA-R3-PC, 2010 WL 3529000, at *10 (Tenn. Crim. App. at Knoxville, Sept. 10, 2010) (quoting Johnson v. State, 834 S.W.2d 922, 924 (Tenn. 1992), application for perm. to appeal filed (Oct. 21, 2010). Therefore, even if a trial court failed to strictly adhere to the procedure outlined in Mackey, "the petitioner is not 'ipso facto, entitle[d] . . . to relief.'" Id. (quoting Johnson, 834 S.W.2d at 925). Upon our review of the record, we conclude that the evidence does not preponderate against the post-conviction court's findings. Thus, the Petitioner is not entitled to relief on this issue.

## III. Conclusion

We conclude that the Petitioner failed to establish that his counsel was ineffective, that his plea was not knowingly and voluntarily entered, and that he was prejudiced by the failure

to properly record his guilty plea. Accordingly, we affirm the judgment of the post-conviction court.

_____

NORMA McGEE OGLE, JUDGE