IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016


STATE OF TENNESSEE v. LASHONDA MONEAK WILLIAMSON

Appeal from the Criminal Court for Davidson County
No. 2011-B-1815     Steve R. Dozier, Judge

_____


No. M2015-01812-CCA-R3-CD – Filed February 12, 2016

_____


LaShonda Moneak Williamson, the Appellant, appeals the summary denial of her Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence that she claims was imposed as the result of a coerced guilty plea. Because the Appellant's motion failed to state a colorable claim, we affirm the trial court's summary denial of the motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT L. HOLLOWAY, JR. J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

LaShonda Moneak Williamson, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Glenn R. Funk, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**

In June 2011, the Davidson County Grand Jury indicted the Appellant for First Degree Murder, Especially Aggravated Robbery, and Tampering with Evidence. In August 2011, the State filed a "Notice of Intent to Use Convictions of Prior Bad Acts for Impeachment Purposes" ("impeachment notice") and a "Notice of Enhanced Punishment" ("enhancement notice"). In July 2012, the Appellant pleaded guilty

pursuant to a plea agreement to one count of Facilitation of First Degree Murder and was sentenced to twenty years at 30%, one count of Especially Aggravated Robbery and was sentenced to seventeen years at 100%, and one count of Tampering with Evidence and was sentenced to six years at 35%. The twenty-year sentence was ordered to be served consecutively to the seventeen-year sentence, and the six-year sentence was ordered to be served concurrently, for an effective sentence of thirty-seven years.

In July 2015, the Appellant filed a "Motion to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1, claiming that her guilty plea was coerced and "given through fear" and that, therefore, her sentence was "illegal, null and void." She claims that she was forced to plead guilty as a result of the impeachment notice and enhancement notice filed by the State and also as a result of an unsigned "Rejection of Settlement Offer," which she received before accepting the plea agreement and entering her plea.

In August 2015, the trial court entered a written order finding that the impeachment notice was properly filed pursuant to Rule 609 and Rule 405 of the Tennessee Rules of Evidence and that the enhancement notice was properly filed pursuant to Tennessee Code Annotated section 40-35-202. The trial court found that the "Rejection of Settlement Offer" simply set out the offenses, the elements of the offenses, and the range of punishments in order to help the Appellant make an informed decision concerning her case. The trial court further found that the Appellant's "allegations of intimidation and coercion contained in [the Appellant's] motion were unfounded" and that the Rule 36.1 motion did not state a colorable claim. The trial court summarily denied the motion without appointing counsel or conducting a hearing.

In her brief, the Appellant states "[w]hile the sentence on its face may meet the requirements of the 1989 Sentencing Act, the methods used to achieve the sentence fall beyond the scope of legality." She claims that the trial court should have appointed counsel and conducted a hearing in which she could have presented evidence to prove that her plea was coerced. The State argues that the Appellant's motion did not present a cognizable claim under Rule 36.1 and that the trial court did not err in summarily denying the motion. We agree with the State.

**Analysis**

Whether the Appellant's Rule 36.1 motion states a colorable claim is a question of law requiring de novo review. State v. James D. Wooden, ___ S.W.3d ___, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *3 (Tenn. Dec. 2, 2015).

The express purpose of Rule 36.1 is to "provide a mechanism for the defendant or the State to seek to correct an illegal sentence." Id. at *4 (citing Tenn. R. Crim. P.

36.1, Advisory Comm'n Cmt). For Rule 36.1 purposes, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

Although the Appellant correctly argues that the Due Process Clause of the Fourteenth Amendment requires guilty pleas to be knowing and voluntary, a Rule 36.1 motion is not the correct procedure for seeking relief from an allegedly coerced plea. Our supreme court has held that "[t]he Post-Conviction Procedure Act, T.C.A. §§ 40-30-101 to - [122], provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered, as required by Boykin."[1] Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992). Although Johnson and Archer were habeas corpus cases, the principle stated above is equally applicable to Rule 36.1 cases. James D. Wooden, 2015 WL 7748034, at *7 ("the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context").

The Appellant's motion does not present a colorable claim even when we take her allegations as true and view them in the most favorable light to her. The Appellant's motion is without merit because, as she admits in her brief, "the sentence on its face meet[s] the requirements of the 1989 Sentencing Act[.]" Her Rule 36.1 motion does not claim that her sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. See Tenn. R. Crim. P. 36.1(a). The trial court properly denied her motion pursuant to Rule 36.1(c), without appointing counsel or conducting a hearing.

When an opinion provides no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion rather than formal opinion when "[t]he judgment is rendered or the action taken in a proceeding before the trial judge without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge[.]" Tenn. Ct. Crim. App. R. 20. This case satisfies the criteria of Rule 20. Accordingly, the order of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1] Boykin v. Alabama, 395 U.S. 238 (1969).

- 3 -