FILED

03/15/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 24, 2018 Session

## JOSEPH ELLISON v. STATE OF TENNESSEE

Appeal from the Criminal Court for Knox County
No. 108652    Steven W. Sword, Judge

_____

## No. E2017-00673-CCA-R3-PC

_____

The Petitioner, Joseph Ellison, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief. The Petitioner contends that his guilty pleas were not knowingly and voluntarily entered because "there was no factual basis for" them. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Joseph Ellison.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kenneth F. Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On July 13, 2015, the Petitioner was charged by information with and pled guilty to two counts of possession with intent to sell one-half ounce or more but less than ten pounds of marijuana, a Class E felony; and two counts of possession of a firearm during the commission of a dangerous felony, a Class D felony. See Tenn. Code Ann. §§ 39-17-417, -1324. By agreement, the trial court imposed a total effective sentence of eight years. The charges were broken up into two groups. Counts 1 and 2 were, respectively, possession of marijuana and unlawful possession of a firearm arising from a December 10, 2014 incident. Counts 3 and 4 were the same charges as Counts 1 and 2, but arose from an April 22, 2015 incident. In exchange for the Petitioner's guilty pleas,

the State dismissed additional charges stemming from the April 22, 2015 incident, including two Class B felony charges of possession with intent to sell cocaine and methamphetamine.

At the plea submission hearing, the prosecutor provided that the factual basis for the December 10, 2014 charges was that the Petitioner "was found to be in possession of approximately 182 grams of marijuana and a pistol." With respect to the April 22, 2015 charges, the prosecutor provided that, following a traffic stop, the Petitioner "was found to be in [possession of] a quantity of marijuana, and [there] were some other narcotics involved, and weapons . . . and law enforcement would testify that . . . [the] amount [of marijuana] was sufficient for sale." When asked by the trial court, the Petitioner stated that he understood that "by pleading guilty [he was] agreeing to stipulate to the facts the [prosecutor had] just outlined."

Additionally, the trial court stated that two of the offenses the Petitioner was pleading guilty to were "possession of marijuana with the intent to sell in an amount that makes those [C]lass E felonies." When asked by the trial court if that was his understanding of the plea agreement, the Petitioner responded that it was. The plea agreement form also reflected that both of the marijuana charges were for possession of one-half ounce or more. The Petitioner told the trial court that he had reviewed the plea agreement form with trial counsel and that he had signed the form. Likewise, the information charging the Petitioner listed the amount of marijuana for both charges as being "more than one-half (1/2) ounce but not more than ten (10) pounds."

On August 8, 2016, the Petitioner filed a timely pro se petition for post-conviction relief alleging numerous constitutional violations.[1] An attorney was appointed to represent the Petitioner in this matter, and an amended petition was filed on December 20, 2016. The amended petition narrowed the issues down to two: (1) whether there was a factual basis to support the Petitioner's guilty pleas to Counts 3 and 4, and (2) whether the Petitioner received ineffective assistance of trial counsel with respect to those counts. An evidentiary hearing was held on March 3, 2017. At the outset of the hearing, the Petitioner's attorney announced that he would only address the issue of the factual basis for the pleas to Counts 3 and 4. The Petitioner was the sole witness at the evidentiary hearing.

The Petitioner testified that prior to his guilty pleas, he was unaware of how much marijuana was seized during the April 22, 2015 incident. The Petitioner claimed that he never discussed the amount of marijuana with trial counsel prior to entering his guilty pleas. According to the Petitioner, it was only after he was incarcerated that he reviewed the arrest warrant for the April 22, 2015 incident and determined that the amount of

---

[1] This opinion will only address the issue raised in the Petitioner's appellate brief.

-2-

marijuana seized was less than one-half ounce. On cross-examination, the Petitioner admitted that in addition to the marijuana that was seized and weighed, the police also seized two "hand-rolled cigar[s] filled with . . . marijuana" that were not weighed. However, the Petitioner claimed that he knew how much marijuana was in each cigar because he weighed the marijuana before he rolled the cigars and that the total marijuana was still less than one-half ounce.

The Petitioner admitted that he had discussed with trial counsel the fact that he was also facing "B felonies for cocaine and . . . methamphetamine." The Petitioner further admitted that trial counsel "was able to work it out where [he] could plead to an E felony instead of B felonies." The Petitioner testified that he "wanted to do an E instead of a B" "[a]t the time" of his guilty pleas. However, the Petitioner claimed that if he had known that there was less than one-half ounce of marijuana seized on April 22, 2015, he "would have analyzed the situation a little more," he would have rejected the plea agreement, and he would have insisted on going to trial on all of the December 10, 2014 and April 22, 2015 charges.

On March 23, 2017, the post-conviction court entered a written order denying the petition. The post-conviction court found that the Petitioner was not a credible witness. Specifically, the post-conviction court found the Petitioner not to be credible regarding his testimony that he would have rejected the plea agreement had he known that there was less than one-half ounce of marijuana recovered on April 22, 2015, and would have insisted on facing the "[m]ultiple other counts [that] were dropped" as part of the plea agreement. The post-conviction court concluded that the Petitioner "had tremendous incentive to accept the State's offer regarding all of his pending charges" and that he "knowingly entered the plea bargain to avoid the much greater B felony offenses and receive the minimum sentence on each count to which he pled."

**ANALYSIS**

The Petitioner contends that his guilty pleas were not voluntarily and knowingly entered. The Petitioner argues that "there was no factual basis for" his guilty plea to Count 3 because the prosecutor never stated the specific amount of marijuana seized on April 22, 2015. The Petitioner further argues that his testimony at the post-conviction hearing established that less than one-half ounce was seized that day. The State responds that the post-conviction court did not err in denying the petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v.

<u>State</u>, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. <u>Id.</u> However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. <u>Id.</u> at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. "The due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary." <u>Johnson v. State</u>, 834 S.W.2d 922, 923 (Tenn. 1992) (citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969)). In evaluating whether a guilty plea was knowingly and voluntarily entered, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970). In making this determination, we review the totality of the circumstances. <u>State v. Turner</u>, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).

A petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).

> A petitioner's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than lip service. Indeed, the petitioner's sworn statements and admission of guilt stand as a witness against the petitioner at the post-conviction hearing when the petitioner disavows those statements.

<u>Alfonso C. Camacho v. State</u>, No. M2008-00410-CCA-R3-PC, 2009 WL 2567715, at *7 (Tenn. Crim. App. Aug. 18, 2009).

This court has previously held that "a lack of a sufficient factual basis to a guilty plea is not a constitutional violation which affords relief in the post-conviction setting." <u>Powers v. State</u>, 942 S.W.2d 551, 555 (Tenn. Crim. App. 1996). The reason for this is as follows:

> [A] defendant who acts in his own best interests, voluntarily and intelligently pleading guilty to a charge for which there is little factual foundation, and waiving any objection to the charge, and who later attempts to attack the plea for which he bargained, has no basis for a constitutional challenge to the conviction. He has, at best, invited error, and, at worst, attempted to manipulate the court.

Id. (alteration in original) (quoting <u>Kenneth Knox Gaddis v. State</u>, No. 03C01-9303-CR-00064, 1993 WL 542509, at *4 (Tenn. Crim. App. Jan. 4, 1993)). However, a "trial court's failure to establish a factual basis for the plea on the record may contribute to the totality of the circumstances reflecting an unknowing or involuntary plea." <u>Id.</u>

Here, the trial court did not fail to establish a factual basis for the Petitioner's guilty pleas on the record. With respect to Count 3, the prosecutor stated that on April 22, 2015, following a traffic stop, the Petitioner "was found to be in [possession of] a quantity of marijuana, and [there] were some other narcotics involved, and weapons . . . and law enforcement would testify that . . . [the] amount [of marijuana] was sufficient for sale." The Petitioner argues that this was not sufficient because the prosecutor did not state the amount of marijuana seized. However, the trial court stated that two of the offenses the Petitioner was pleading guilty to were "possession of marijuana with the intent to sell in an amount that makes those [C]lass E felonies," and the Petitioner stated that he understood this. Additionally, the information and the plea agreement form both stated that Count 3 was for possession of one-half ounce or more of marijuana. The Petitioner told the trial court that he had reviewed the plea agreement form with trial counsel and that he had signed the form.

There was ample evidence that the Petitioner was aware that in pleading guilty to Count 3, he was admitting to having possessed one-half ounce or more of marijuana. Additionally, the transcript of the guilty plea hearing reflects that the Petitioner entered his guilty pleas knowingly and voluntarily in all other respects. The post-conviction court did not accredit the Petitioner's testimony that he would have rejected the plea agreement and insisted on going to trial on all of the December 10, 2014 and April 22, 2015 charges had he known that the police seized less than one-half ounce of marijuana on April 22, 2015. Rather this case is similar to the situation outlined in <u>Powers</u> in that the Petitioner, "in his own best interests, . . . [pled] guilty to a charge for which there [was] little factual foundation" in order to avoid the significant exposure he faced on the cocaine and methamphetamine possession charges. <u>Powers</u>, 942 S.W.2d at 555. Accordingly, we conclude that the post-conviction court did not err in denying the petition.

**CONCLUSION**

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-