IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## DAVID MICHAEL LONG v. STATE OF TENNESSEE

**Appeal from the Criminal Court for McMinn County**
**No. 01-268     Carroll L. Ross, Judge**

_____

**No. E2001-03086-CCA-R3-PC**
**September 6, 2002**
_____

The petitioner, David Michael Long, appeals the denial of his petition for post-conviction relief. In this appeal of right, the petitioner asserts that his plea was neither knowingly nor voluntarily made and that he was denied the effective assistance of counsel. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Vance L. Baker, Jr., Athens, Tennessee, for the appellant, David Michael Long.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Charles Pope, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

In May of 2000, the petitioner entered a plea of guilty to two counts of delivery of less than .5 grams of cocaine, a Class C felony. In accordance with a plea agreement, the trial court imposed concurrent six-year sentences, which were to be served concurrently with another sentence on an unrelated charge. In April of 2001, the petitioner filed a petition for post-conviction relief alleging that his guilty plea was involuntary and that he did not receive the effective assistance of counsel. The petitioner also alleged that his conviction was based upon the violation of his privilege against self-incrimination.

At the evidentiary hearing, the petitioner testified that he did not understand that he was to receive a six-year sentence. He claimed that he understood that he was to serve only a two-year sentence at a special needs facility. The petitioner conceded that he knew that the state did not offer a sentence of community corrections, but he insisted that he was entitled to such a sentence after the

service of two years in the Department of Correction. He contended that his trial counsel failed to inform him that the plea agreement provided for a six-year sentence. When questioned by the court about his answers at the submission hearing, the petitioner challenged the validity of the transcript and claimed that he did not remember being informed about the six-year sentence.

Trial counsel testified that he specifically recalled informing the petitioner of the content of the plea agreement. He stated that it was his opinion that the petitioner would have been convicted as charged if he had gone to trial and pointed out that the petitioner qualified as a Range II offender and would thus have been subject to a much harsher sentence had he insisted upon a trial. It was his contention that the petitioner fully understood the terms of the plea agreement.

At the conclusion of the hearing, the post-conviction court held as follows:

I specifically find that your counsel was in no way ineffective, based upon the evidence we see here today, and based upon the transcript that I see of the plea hearing. You also make an allegation in your petition that the conviction was based on a violation of the privilege against self-incrimination. I, for the record, find that there's been no proof of that, to begin with, and I don't see how there could be any proof, since you didn't testify against yourself, one way or the other. . . . F[rom] the many things that I've read on the record from the transcript and the questions asked here today, I specifically find that there's been absolutely no evidence [that you misunderstood the nature and consequences of the plea].

In a post-conviction proceeding, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997).

In this appeal, the petitioner asserts that he did not understand that the terms of his plea agreement and, as a result, could not have knowingly and intelligently pled guilty. The petitioner argues that because his trial counsel failed to communicate the terms of the plea agreement, his plea was involuntary.

Initially, neither the judgments nor the plea agreement appear in the appellate record. It is the duty of the appellant to prepare a complete and accurate record on appeal. Tenn. R. App. P. 24(b). The failure to prepare an adequate record for review of an issue results in a waiver of that issue. Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). Regardless of the procedural deficiency, however, the petitioner is not entitled to relief on the merits of his claims.

In <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the United States Supreme Court ruled that defendants should be advised of certain of their constitutional rights before entering pleas of guilt. Included among those are admonitions regarding the right against self-incrimination, the right to confront witnesses, and the right to trial by jury. <u>Id.</u> at 243. "[T]he core requirement of <u>Boykin</u> is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" <u>Blankenship v. State</u>, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting <u>Fontaine v. United States</u>, 526 F.2d 514, 516 (6th Cir. 1975)). The plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970). If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. <u>Johnson v. State</u>, 834 S.W.2d 922, 926 (Tenn. 1992). A plea which is the product of "ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats" is not voluntary. <u>Boykin</u>, 395 U.S. at 242-43.

Here, the transcript establishes that at the guilty plea proceeding, the petitioner was advised of his full panoply of constitutional rights. <u>See</u> <u>State v. Neal</u>, 810 S.W.2d 131 (Tenn. 1991), <u>overruled in part by</u> <u>Blankenship v. State</u>, 858 S.W.2d 897 (Tenn. 1993). Moreover, the record demonstrates that the trial court informed the petitioner on more than one occasion that he was to receive a six-year sentence. The petitioner has failed to establish that he was not advised of the terms of the plea agreement. Certainly, the evidence does not preponderate against the trial court's determination that the pleas were knowingly and voluntarily made.

The petitioner also asserts that his trial counsel was ineffective for failing to inform him that the plea agreement provided for a six-year sentence. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

<u>Goad v. State</u>, 938 S.W.2d 363, 370 (Tenn. 1996). As to guilty pleas, the defendant must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. <u>Adkins v. State</u>, 911

S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Here, trial counsel testified that he specifically informed the petitioner that the terms of the agreement required service of a six-year prison sentence. The trial court accredited the testimony of trial counsel and determined that the petitioner was not denied the effective assistance of counsel. It is our view that the petitioner has failed to establish that, but for a deficiency in his trial counsel's performance, he would not have pled guilty. See Lockhart, 474 U.S. at 59. The record supports the trial judge's determination that the petitioner was fully aware of his constitutional rights and that he knowingly and voluntarily accepted the terms of the plea. In consequence, he is not entitled to relief on this claim.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE