# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## FRANK SUMNER, PRO SE v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Hickman County
### No. 02-5099C-I    Timothy L. Easter, Judge

---

### No. M2003-01922-CCA-R3-HC - Filed June 22, 2004

---

The Petitioner, Frank Sumner, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Frank Sumner, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner entered a plea of guilty in the Circuit Court of Montgomery County on June 12, 2001, to criminal responsibility for facilitation to posses a scheduled II drug with the intent to sell or deliver. He was sentenced to six years confinement as a standard, range I offender. On December 12, 2002, Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Hickman County. Petitioner sought relief from the conviction and sentence based upon thirteen grounds in the petition. Basically, the Petitioner contended that the Montgomery County Circuit Court lacked jurisdiction to convict him of criminal responsibility for facilitation of a felony, a class C felony,

1

because he was indicted for the class B felony of possession of over .5 grams of cocaine with the intent to sell.

By order entered January 13, 2003, the habeas corpus court denied Petitioner's application for habeas corpus relief. The court found that the judgment of the Montgomery County Circuit Court, on its face, demonstrated proper jurisdiction and was facially valid.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

In his brief, Petitioner asserts that it was error for the lower court to dismiss his petition for habeas corpus relief without an evidentiary hearing to determine the constitutionality of his conviction and to determine whether he made a knowing and voluntary guilty plea. Petitioner's argument that the habeas court erred in dismissing his petition without a hearing must fail. A petition for habeas corpus relief may be summarily dismissed if it is apparent from the petition that the petitioner would not be entitled to relief. Tenn. Code Ann. § 29-21-109; *McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Petitioner's contention that the habeas court erred in failing to address his claim that his plea was not knowingly and voluntarily made must also fail as such claim is not proper in a petition for habeas corpus relief. The Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 *et seq*., provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered. *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992). Moreover, Petitioner's claim that his guilty plea was not knowingly and voluntarily entered would render the judgment voidable, rather than void. *Archer v. State,* 851 S.W.2d at 163. Petitioner's claims attempt to collaterally attack his conviction and resulting sentence, which is improper in a habeas corpus action, and must fail. After a review of the record we conclude that the Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

2

_____

ROBERT W. WEDEMEYER, JUDGE