IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1997 SESSION



FILED

**January 5, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| FREDDIE KING, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | No. 02-C-01-9611-CR-00433 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Leonard T. Lafferty, Judge |
| | ) | |
| | ) | (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE. | ) | |


FOR THE APPELLANT:

James A. Cohen
Attorney at Law
200 Jefferson Avenue, Suite 925
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Sarah M. Branch
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

Karen Cook
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103


OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Freddie King (petitioner), appeals as of right from a judgment of the trial court dismissing his action for post-conviction relief following an evidentiary hearing. In this court, the petitioner contends (a) his guilty pleas were not voluntarily, intelligently, and understandingly entered and (b) the trial court failed to advise him of his constitutional right against self-incrimination before questioning him during the submission hearing. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The petitioner was indicted by the Shelby County Grand Jury for numerous offenses. These offenses could not be consolidated for trial. Initially, the petitioner was tried, convicted, and sentenced to confinement for six (6) years for the offense of theft. He appealed his conviction and sentence. This court affirmed the judgment of the trial court. State v. Fred L. King, Shelby County No. 02-C-01-9206-CR-00128, 1993 WL 270620 (Tenn. Crim. App., Jackson, July 21, 1993). The petitioner then filed an action for post-conviction relief attacking the jury conviction for theft. He claimed he was denied his constitutional right to the effective assistance of counsel. The trial court denied relief after an evidentiary hearing. This court affirmed the judgment of the trial court. Freddie L. King v. State, Shelby County No. 02-C-01-9501-CR-00011, 1995 WL 544720 (Tenn. Crim. App., Jackson, September 13, 1995).

The petitioner stood charged with three counts of theft over the value of $500, Class E felonies, two counts of aggravated robbery, Class B felonies, two counts of especially aggravated robbery, Class A felonies, one count of aggravated rape, a Class A felony, and one count of burglary, a Class D felony. On November 2, 1992, the petitioner entered pleas of guilty to all of these offenses. The plea agreement provided that the petitioner would be sentenced as follows: twenty-four (24) years for the three Class A felonies, twelve (12) years for the two Class B felonies, and two (2) years for the Class D and Class E felonies.

2

The petitioner filed an action for post-conviction relief attacking the convictions for the offenses included in the plea agreement of November 2, 1992. The trial court found the grounds alleged in the petitions were waived because the petitioner did not include these grounds in the prior action for post-conviction relief. Therefore, the court summarily dismissed the petitions. The petitioner appealed as of right to this court. In an opinion by Judge David G. Hayes, this court reversed the judgment of the trial court and remanded the cause to the trial court for an evidentiary hearing. Fred L. King v. State, Shelby County No. 02-C-01-9412-CC-00280, 1995 WL 695134 (Tenn. Crim. App., Jackson, November 22, 1995).

The trial court conducted an evidentiary hearing. In an excellent findings of fact and conclusions of law, the trial court denied the petitioner relief from his convictions.

I.

When the trial court has conducted an evidentiary hearing to permit a petitioner to ventilate the grounds raised in support of an action for post-conviction relief, the trial court's findings of fact are afforded the weight of a jury verdict. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996); Teague v. State, 772 S.W.2d 932, 933-34 (Tenn. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989). Consequently, this court is bound by the trial court's findings of fact unless the evidence adduced at the hearing preponderates against the trial court's findings. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), per. app. dismissed (Tenn. 1995).

There are several well-established rules which govern appellate review in post-conviction cases. As this court said in Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), per. app. denied (Tenn. 1990):

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained

3

in the record preponderates against the judgment entered by the trial judge.

This court will now proceed to consider the merits of the petitioner's contentions. In doing so, this court will apply the aforementioned principles governing appellate review in post-conviction actions to determine whether the evidence adduced at the hearing preponderates against the trial court's findings of fact. See Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1979), cert. denied, 441 US. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

## II.

The petitioner contends the guilty pleas he entered on November 2, 1992, did not comport with the United States Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He argues his pleas of guilty were not voluntarily, intelligently and understandingly entered because: (a) he did not discuss the entry of a guilty plea until the morning of November 2, 1992, (b) "his mind and ability to comprehend were so shrouded by fear and intimidation he was unable to understand the consequences of his actions," (c) he was not advised of the minimum and maximum sentences which could be imposed for each offense, and (d) the assistant district attorney general failed to articulate a sufficient factual basis for the theft offenses because the amount of the property and the venue of the offenses was not stated in the stipulated facts.

## A.

The petitioner contends he did not discuss the nature of a guilty plea with his attorney until the morning of November 2, 1992, the day certain Class A felonies were set for trial. First, the petitioner had previously indicated he did not want to accept the offer made by the state and opted for a trial. Second, the petitioner's counsel discussed these matters with the petitioner prior to the morning of November 2, 1992.

The petitioner stated he did not want to plead guilty to the offenses in question because he was innocent. Nevertheless, defense counsel advised the petitioner of his

4

right to a trial by jury and his right to plead guilty to the offenses. Counsel related the offer of settlement made by the assistant district attorney general, and the petitioner rejected the offer. Counsel advised the petitioner to let him know if he had a change of heart and wanted to plead guilty.

On the morning of November 2, 1992, defense counsel was prepared to go to trial. He had subpoenaed the alibi witnesses named by the petitioner. Counsel had interviewed each witness. The witnesses did not support the petitioner's defense of alibi. Counsel advised the petitioner of what the witnesses had said.

The prospective jurors were outside the courtroom. The trial was ready to commence. The petitioner told counsel he wanted to plead guilty and accept the state's offer for all of the offenses -- a package deal. Defense counsel obtained the documents necessary to enter the pleas of guilty. He completed the documents, gave them to the petitioner, and instructed him to read the documents. Later, defense counsel sat beside the petitioner, explained each item included in the waiver of rights form to the petitioner, and asked him if there was anything he did not understand. The petitioner stated he understood these rights, and knew he would be waiving these rights if he entered pleas of guilty.

The petitioner testified he had been convicted of several crimes in the past. On each occasion he entered a plea of guilty. The trial court found defense counsel had fully explained the nature of the proceedings and the rights he was waiving; the petitioner was adequately apprised of the requisite information. The court further found the petitioner was also aware of this information from entering several guilty pleas in the past.

**B.**

The petitioner contends "his mind and ability to comprehend were so shrouded by fear and intimidation that he was unable to understand the consequences of his actions." Defense counsel testified the petitioner understood the nature of the proceedings and precisely what was taking place. The transcript of the submission hearing supports defense counsel's observations. The question which must be decided is what caused the

5

"fear" and "nervousness" the petitioner alleged he experienced on the morning of November 2, 1992.

The petitioner testified he though he was prepared to go to trial. However, the more he discussed the matter, his fear increased in intensity.

According to the petitioner, what "they [the alibi witnesses] would say wasn't exactly what I wanted. . . , what was needed to be said that would benefit me." He was acutely aware there was a strong likelihood the trial judge would order all of the sentences to be served consecutively. Moreover, the petitioner was fully aware he qualified as a Range II multiple offender as to the Class D and E felonies. He was also fully aware the state could use his prior convictions to impeach him if he opted to testify in support of his defense; he understood the severe consequences of the jury being advised that he had a prior record.

During cross-examination, the petitioner admitted these were the reasons he did not want to face a jury and take a chance of being convicted. The plea agreement provided that the petitioner would be treated as a Range I offender for sentencing purposes notwithstanding he qualified as a Range II offender for some of the offenses; all of the sentences were to be served concurrently. Based upon the testimony in the record, these concurrent sentences were to be served consecutively to the six (6) years he received when he was tried for the theft offense.

The petitioner testified he was intimidated by Judge Joseph B. McCartie, now retired. Judge McCartie was the judge who questioned the petitioner regarding his desire and reasons for pleading guilty. Ultimately Judge McCartie accepted the petitioner's pleas of guilty and sentenced him in conformity with the plea agreement. The petitioner expressed the view that Judge McCartie did not ask him questions, but interrogated him. According to the petitioner, he merely responded "Yes, sir" and No, sir" to the questions so he could return to his seat behind counsel's table.

It is apparent the trial court did not believe the testimony of the petitioner in this regard. The court stated in its findings of fact it could not be determined from the transcript of the submission hearing if Judge McCartie did in fact intimidate the petitioner as he contended.

6

**C.**

The petitioner also contends he was not advised of the minimum and maximum sentences which could be imposed for each offense. The petitioner is mistaken in this regard. First, defense counsel testified he had previously advised the petitioner of the elements of the offenses, the facts which the state would have to prove, and the range of the sentences for each offense. The petitioner acknowledged during cross-examination defense counsel had advised him of the minimum and maximum sentences for each offense. Second, the submission hearing transcript clearly shows the trial judge advised the petitioner of the minimum and maximum sentences for each offense as well as the amount of the fine prescribed by the statutes.

Assuming arguendo the trial judge accepting the petitioner's pleas of guilty did not advise him of the minimum and maximum penalties for the offenses to which he was pleading guilty, the petitioner would not be entitled to relief from his convictions or sentences. This requirement is not constitutionally mandated. See Blankenship v. State, 858 S.W.2d 897, 905 (Tenn. 1993). Only constitutional issues may be litigated in actions for post-conviction relief. Tenn. Code Ann. § 40-30-203 (1997 Repl.). This court has previously held that a petitioner is not entitled to relief on this precise ground. See Dexter Johnson v. State, Hamilton County No. 03-C-01-9503-CR-00088 (Tenn. Crim. App., Knoxville, February 6, 1996); Cedric D. Mitchell v. State, Shelby County No. 65 (Tenn. Crim. App., Jackson, April 10, 1991), per. app. denied (Tenn. September 9, 1991).

**D.**

The petitioner contends that the assistant district attorney general failed to articulate a sufficient factual basis for the theft offenses because (a) he did not state the value of the property in question and (b) he did not state the venue where the offenses were committed in the stipulated facts. This contention is not supported by the facts.

As previously stated, defense counsel advised the petitioner of the elements of each offense that the state would have to prove beyond a reasonable doubt if he opted to go to

7

trial. Counsel also advised the petitioner of the evidence the state could use to prove each element. The defendant was aware the pistol used during the rape had been tested and semen had been found on the pistol. The petitioner admitted defense counsel provided this advice during the submission hearing. Defense counsel also testified he took this course of action.

The record of the submission hearing reveals that the assistant district attorney general related the requisite facts necessary to comply with the requirements for describing the stolen property and the venue where the crimes took place. He stated the petitioner was entering pleas of guilty to theft in excess of $500 when announcing the plea agreement. The property stolen, as described by the assistant district attorney general, would seldom, if ever, have a value below $500. Some of these offenses had a common thread -- a motel where certain property was found. The assistant district attorney general stated the motel was located in Shelby County, Tennessee. Defense counsel stipulated to these facts.

If the petitioner was aggrieved by this aspect of the submission hearing, he should have objected when this occurred. In the alternative, he should have appealed as of right following the entry pleas.

**III.**

The petitioner contends he is entitled to post-conviction relief because the judge accepting his guilty pleas failed to advise him of the privilege against self-incrimination prior to questioning him during the submission hearing. He relies upon the supreme court's decision in State v. Montgomery, 840 S.W.2d 900 (Tenn. 1992). The state contends the petitioner was aware of and understood the privilege against self-incrimination. Thus, any error in failing to advise the petitioner regarding the privilege was harmless. The trial court found the petitioner was aware of the privilege before the submission hearing commenced.

The petitioner was not a stranger to the criminal justice system. He had entered pleas of guilty to criminal offenses in the past. He was tried for a theft offense shortly before he entered the pleas he now attacks. He admitted he was aware of the privilege against self-incrimination. In fact he described how and why he invoked the privilege

8

during the theft trial. He stated he invoked the privilege because he did not want the jury to know he had a prior record of criminal convictions. Moreover, the petitioner had discussed the privilege against self-incrimination with his attorney prior to the entry of the guilty pleas.

It is undisputed the United States Supreme Court and our supreme court have held a trial court should advise the accused of the privilege against self-incrimination at the commencement of the submission hearing. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); State v. Montgomery, 840 S.W.2d 900 (Tenn. 1992); Johnson v. State, 834 S.W.2d 922 (Tenn.1992). However, the failure to admonish the accused in this regard does not, as a matter of law, render a guilty plea constitutionally infirm. If it can be shown the accused had been advised of the privilege by his attorney or was aware of the privilege due to prior encounters with the criminal justice system, the failure of the trial court to fulfill this duty is classified as harmless error. Johnson, 834 S.W.2d at 926.

As previously stated, the petitioner was aware of the privilege against self-incrimination. Counsel in the theft case had explained the privilege to the petitioner. The petitioner invoked the privilege. The petitioner's attorney had advised the petitioner of the privilege prior to the commencement of the submission hearing. Furthermore, the trial court explained the privilege in the context of trial proceedings. Therefore, this court concludes the failure of the judge conducting the submission hearing was harmless beyond a reasonable doubt given the information possessed by the petitioner prior to the submission hearing.

### CONCLUSION

The trial court ruled adversely to the petitioner's claims, and the court gave a detailed, factual basis for each ruling. This court concludes the evidence contained in the record does not preponderate against the findings of fact made by the trial court. Thus, the judgment of the trial court is affirmed.

_____
JOE B. JONES, PRESIDING JUDGE

9

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOE G. RILEY, JUDGE