IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**LAWRENCE MONTGOMERY v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5907    Joe H. Walker, Judge**

_____

**No. W2004-02697-CCA-R3-HC  - Filed March 11, 2005**

_____


The Petitioner, Lawrence Montgomery, appeals the trial court's denial of his application for writ of habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. It appears from the record before us that the notice of appeal was not timely filed and this Court cannot conclude that justice requires that this Court waive the timely filing requirement.  Accordingly, the State's motion is granted and the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Lawrence Montgomery, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On August 8, 1984, Petitioner, Lawrence Montgomery, was paroled from Fort Pillow Prison on convictions # B54960 and # B54961, robbery with a deadly weapon and assault with intent to murder.  On April 9, 1985, he was arrested and charged with aggravated rape, and, on March 20, 1986, was convicted of this offense.  *State v. Montgomery*, 840 S.W.2d 900, 901 (Tenn. 1992).

1

Upon a finding of habitual criminal status, based, in part, on guilty pleas entered in 1973 to two counts of grand larceny and two counts of escape, the sentence for the aggravated rape conviction was enhanced to life imprisonment. *Id.* The sentence for aggravated rape was ordered to be served concurrently to his sentences for armed robbery and assault. In 1992, the Tennessee Supreme Court held that the 1973 guilty pleas were not knowingly and voluntarily entered and that Petitioner Montgomery was entitled to have the subject convictions vacated. *Id.* The case was remanded for re-sentencing whereupon the Petitioner was sentenced to forty years confinement for his 1986 conviction. *Lawrence Montgomery v. State*, No. W2001-01667-CCA-R3-PC, 2001 Lexis 999, at *2 (Tenn. Crim. App., at Jackson, Oct. 4, 2001). An amended judgment was entered in June 1994. *Id.* No direct appeal was taken and an attempt to secure post-conviction relief was unsuccessful. *Id.*

On September 21, 2004, the Petitioner filed an application for writ of habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, the Petitioner alleged that he is "being confined on a[n] illegal and void judgment imposed by a trial court in direct contravention of express statutory provisions regarding [mandatory consecutive] sentencing." (citing Tenn. R. Crim. P. 32(c)(3)(A)). By order entered September 22, 2004, the trial court denied habeas corpus relief, entering the following findings of fact and conclusions of law:

> The Petitioner filed records with his petition which indicate that he had sentences in B54960 and B54961 of 10 years, with [a]n offense date of October 8, 1976, and sentencing date in 1977. The sentences expired in 1987. When he was sentenced to the 40 years [in 1994], the sentences in the prior convictions had expired, and therefore there was no necessity to indicate on the judgment form concurrent or consecutive. Even though the crime of rape occurred on parole, the parole had expired by sentencing. Therefore, his sentence was not an illegal sentence.

On November 4, 2004, the Petitioner filed, in the Court of Criminal Appeals, a "Petition for Peremptory Writ of Mandamus," complaining that the trial court failed to follow the mandates of Tennessee Code Annotated section 29-21-108(a). This Court denied the petition on November 16, 2004. *See Lawrence Montgomery v. State*, No. W2004-02649-CCA-WRM-WM (Tenn. Crim. App., at Jackson, Nov. 16, 2004) (*order*). Meanwhile, on November 5, 2004, the Petitioner filed a notice of appeal document from the trial court's September 22, 2004, order denying habeas corpus relief.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that the trial court properly determined that the Petitioner's sentences for robbery and assault had expired well before the forty-year sentence was imposed in 1994. Accordingly, the State argues that Rule 32, Tennessee Rules of Criminal Procedure, is not implicated, rendering the subject of the present habeas corpus petition without merit.

A notice of appeal document was filed on November 5, 2004, in the Lauderdale County Circuit Court. No motion to excuse the late-filed notice of appeal document was filed with this

2

Court. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied*, (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se*, Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty-day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

The Petitioner fails to offer this Court any explanation for the delay in filing the notice of appeal document. Moreover, the filing of a petition for a writ of mandamus before this Court does not toll the thirty-day filing period. *See* Tenn. R. App. P. 4(c) (tolling of thirty-day filing period for notice of appeal document by specified timely motions). It is obvious that the Petitioner's forty-year sentence has not expired.

Our review of the issues raised on appeal in consideration with the record as a whole fails to persuade this Court that justice requires this Court to excuse the timely filing of a notice of appeal. In absence of a timely filed notice of appeal, the above-captioned appeal is dismissed.

_____
J.C. MCLIN, JUDGE

3