IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION

FILED

June 4, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| GARY WAYNE LOWE, | ) | |
| | ) | C.C.A. No. 03C01-9806-CR-00222 |
| Appellant, | ) | |
| | ) | Anderson County |
| v. | ) | |
| | ) | Honorable James B. Scott, Jr., Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction Relief) |
| Appellee. | ) | |

FOR THE APPELLANT:

Douglas A. Trant
900 South Gay Street
Suite 1502
Knoxville, TN 37902

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Erik W. Daab
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James N. Ramsey
District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

Janice G. Hicks
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, Gary Wayne Lowe, referred herein as "the petitioner," appeals as of right from the trial court's dismissal of his petition for post-conviction relief. On July 17, 1979, the petitioner pled guilty to grand larceny before the Anderson County Criminal Court. Pursuant to the plea agreement, the trial court imposed a three-year sentence in the Department of Correction to run concurrently with a pending sentence. In June, 1988, the petitioner filed a petition for post-conviction relief, alleging his 1979 guilty plea was invalid, because he was not advised of his right against compulsory self-incrimination; nor was he warned that the conviction could be used against him to enhance a future sentence. Following an evidentiary hearing, the trial court denied relief.

After a thorough review of the entire record, briefs of the parties, and appropriate law, we AFFIRM the trial court's judgment.

## PROCEDURAL BACKGROUND

The petitioner is presently serving a life sentence in the Department of Correction as an habitual criminal resulting from his conviction for automobile burglary. This Court affirmed the petitioner's conviction, *State v. Gary Wayne Lowe*, No. 100 (Tenn. Crim. App., Knoxville, December 18, 1981), *per. app. denied* (Tenn. 1982). The petitioner filed a petition for post-conviction relief challenging his burglary conviction and habitual criminal sentence, which, upon denial by the trial court, was affirmed by this Court. *Gary Wayne Lowe v. State*, No. 139, 1985 LEXIS 3081 (Tenn. Crim. App., Knoxville, April 10, 1985). On August 26, 1987, the petitioner filed a second post-conviction petition alleging that an unconstitutional jury instruction was given during the habitual criminal phase of his trial. He also alleged that his habitual criminal sentence was invalid, because his prior grand larceny conviction was void, due to the fact that it was an unconstitutional plea. The petitioner alleged in his guilty plea proceedings that he was not advised of his right against self-incrimination and was not warned that the conviction could be used to enhance his punishment for a future crime. This Court reversed the dismissal and remanded for an

2

evidentiary hearing. *State v. Gary Wayne Lowe*, No. 192, 1989 WL 34842 (Tenn. Crim. App., Knoxville, April 12, 1989). The Supreme Court granted the state's application on the question of a jury instruction in the habitual criminal phase. *State v. Gary Wayne Lowe*, No. 192, 1990 WL 16821 (Tenn., February 5, 1990). The Supreme Court eventually reversed this Court's remand on the jury instruction issue and dismissed the petition for failure to state a claim. *Lowe v. State*, 805 S.W.2d 368, 372 (Tenn. 1991).

While the second petition for post-conviction was pending, the petitioner filed the current petition in June 1988, again alleging the 1979 guilty plea was invalid for failure of the trial court to advise him of his right of self-incrimination and failure to warn him that the conviction could be used to enhance future sentences. The trial court dismissed this petition, holding the petitioner was barred from collaterally challenging the prior guilty plea based upon the Supreme Court's dismissal of his second petition. Upon direct appeal, this Court reversed the trial court's judgment and remanded for an evidentiary hearing. *Gary Wayne Lowe v. State*, No. 03C01-9702-CC-00049, 1997 LEXIS 1114 (Tenn. Crim. App., Knoxville, October 31, 1997). As can be seen, the petitioner has developed a substantial appellate history in his quest for freedom.

## POST-CONVICTION HEARING
### A. Guilty Plea

In 1979, the petitioner, who has an eighth grade education and is a laborer by trade, testified he pled guilty to grand larceny because of an accomplice's testimony in a pending trial. The petitioner contended his only involvement was that he was standing next to the stolen truck, and he did not steal the truck. The petitioner acknowledged that the trial court had presided over two previous criminal trials involving the petitioner. Also, the petitioner had undergone a third trial before Chancellor Kidwell for a criminal offense. The petitioner recalled the trial court advised him about the habitual criminal act, but he did not know what it meant.

3

Ken Krushenski, attorney, testified he was appointed to represent the petitioner and negotiated a plea of guilty between the state and the petitioner. Since this plea was entered in 1979, Mr. Krushenski had no independent recollection of the plea except from his reading of the court files. Mr. Krushenski, who had represented other defendants in Anderson County as well as other counties, followed certain procedures when representing clients. It was Mr. Krushenski's custom to review the facts of the case with each client. After gathering the facts from witnesses and the state's evidence, Mr. Krushenski would give a defendant an idea of what the defendant could expect if he went to trial, or alternatively, if there was a plea offer. As part of his procedures, Mr. Krushenski would discuss the plea offer with a defendant, the potential witnesses' testimony, and the defendant's own testimony.

Mr. Krushenski testified he was confident that, on the guilty plea date, he and the petitioner read the petition of waiver utilized in Anderson County, and he answered any questions the petitioner might have had. During cross-examination, Mr. Krushenski testified he would have discussed with the petitioner what was contained in the petition of waiver form. Mr. Krushenski had no recollection of discussing with the petitioner his right against self-incrimination, since the right was not set forth in the waiver petition.

Ron Ridenour, attorney, testified he represented the petitioner in two criminal trials prior to 1979. In the petitioner's first trial, the petitioner was accused of receiving a stolen Chevrolet Nova. At the conclusion of the state's proof, the petitioner elected not to testify. Prior to this decision, Mr. Ridenour discussed with the petitioner his right to testify or not testify, and it was Mr. Ridenour's advice that the petitioner not testify. Mr. Ridenour recalled that a written waiver of rights form signed by the petitioner was introduced at trial.

Mr. Ridenour testified the petitioner's second trial occurred in December 1978, when the petitioner was accused of breaking into a pickup truck in order to steal it. The petitioner elected to testify in this second trial. Mr. Ridenour and the petitioner did not discuss the petitioner's right to testify or not, since it was never in doubt that the petitioner would testify.

4

To assist the trial court in its determination of the issue, seven exhibits were submitted by stipulation: (1) petition for waiver of jury trial and request for acceptance of plea of guilty; (2) guilty plea transcript; (3) stipulation of facts; (4), (5), (6), and (7), certified documents from the petitioner's prior court cases.

In a well-written opinion of findings of fact and conclusions of law, the trial court denied the petition for post-conviction relief. The trial court found the guilty plea of 1979 was knowingly and voluntarily entered by the petitioner.

## B. LEGAL ANALYSIS

The petitioner contends the trial court was in error for finding that the petitioner knew of his right against self-incrimination and was waiving the same in his 1979 guilty plea. The state counters that the guilty plea transcript, coupled with the petitioner's experiences in the criminal justice system, demonstrates the petitioner's plea was knowing and voluntary.

Findings of the post-conviction court are binding on appeal unless the evidence preponderates otherwise. *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990); *Harries v. State*, 958 S.W.2d 799, 802 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1997). This Court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Moreover, questions concerning the credibility of witnesses and weight and value to be given their testimony are for resolution by the post-conviction court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1990).

When a defendant pleads guilty, he or she simultaneously waives several constitutional rights, including the right against compulsory self-incrimination, the right to a jury trial, and the right to confront and cross-examine witnesses. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *State v. Mackey*, 553 S.W.2d 337, 339-40 (Tenn. 1977). Also, in *Mackey*, our Supreme Court applied stricter requirements than in *Boykin* for trial courts in accepting guilty pleas. Most of them were

5

incorporated in Rule 11, Tenn. R. Crim. P., as follows:

> (c)(3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right against compelled self-incrimination.

> * * *

> (d) Insuring That the Plea Is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney general and the defendant or the defendant's attorney.

> * * *

> (f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

In its findings of fact and conclusions of law, the trial court candidly admitted it failed to advise the petitioner during his guilty plea proceeding that he was waiving any right of self-incrimination. However, through extrinsic evidence, the state was able to establish the petitioner's prior knowledge of the right of self-incrimination, citing *Johnson v. State*, 834 S.W.2d 922 (Tenn. 1992) and *State v. Neal*, 810 S.W.2d 131 (Tenn. 1991). Thus, the petitioner's guilty plea was knowingly and voluntarily entered on July 17, 1979. Since this plea was entered in July 1979, the requirements of *Mackey* and Rule 11, Tenn. R. Crim. P., are applicable to this case.

The petitioner contends his case is precisely on point with *State v. Montgomery*, 840 S.W.2d 900 (Tenn. 1992). In *Montgomery*, after considering the holdings of *Neal* and *Johnson*, our Supreme Court reversed guilty pleas entered in 1973 stating: "However, unlike the situation in *Neal* and *Johnson*, there is no evidence in this case that the defendant was, in fact aware of the privilege against self-incrimination, despite his not being advised of that right by the trial judge." *Montgomery*, 840 S.W.2d at 902.

6

In *Neal*, 810 S.W.2d at 139-40, our Supreme Court stated:

> In a case where the erroneous omission is the basis for relief under a post-conviction petition, the defendant-petitioner must allege and prove the omission, and that but for the omission the guilty plea would not have been entered. If this thesis is established prima facie, then the burden shifts to the State to justify the error by establishing through extrinsic evidence the defendant's knowing and voluntary relinquishment of the involved constitutional protections, despite the erroneous omission. If the State can demonstrate that the error was harmless beyond a reasonable doubt, then the judgment stands. If a reasonable doubt exists at the close of the proof, then the judgment must be set aside. (citations omitted).

Therefore, if the state can establish that a petitioner was aware of his rights, he is not entitled to relief regardless of whether the trial court informed him of all his rights. *Johnson v. State*, 834 S.W.2d 922, 926 (Tenn. 1992).[1] The result is substantial compliance with the *Boykin* mandate.

We find from this record that the state has successfully carried its burden by extrinsic evidence that the petitioner at the time of his guilty plea, was aware of his right of self-incrimination. The record establishes the petitioner proceeded to trial in October 1978 for the offense of receiving and concealing stolen property. The jury found the defendant guilty of receiving stolen property and imposed a sentence of not more than three years and not less than three years in the state penitentiary. Since the defendant did not testify at this trial, the trial court instructed the jury:

> The defendant has not taken the stand to testify as a witness, but you shall place no significance on this fact. The defendant is presumed innocent, and the burden is on the State to prove his guilt beyond a reasonable doubt. He is not required to take the stand in his own behalf, and his failure to do so cannot be considered for any purpose against him, nor can any inference be drawn from such fact.

The record establishes that a written statement given by the petitioner was

---

[1]In *Blankenship v. State*, 858 S.W.2d 897, 906 (Tenn. 1993), the Supreme Court reaffirmed *Neal*, "[b]ut we also indicated that 'absolutely literal compliance with the advice to be given is not required,' so long as the 'sense of the substance of the required advice . . . is [expressed to an accused prior to his guilty plea]'" (quoting *Neal*, 810 S.W.2d at 137).

7

introduced at trial wherein the petitioner had signed an "Admonition and Waiver" of his rights form which included the petitioner's right of self-incrimination. The petitioner's counsel testified at the evidentiary hearing that he advised the petitioner of his right to testify or not, but advised the petitioner not to testify.

Also, the record reflects the petitioner proceeded to trial with the same attorney in December 1978 for the offense of burglary third degree. The jury found him guilty of attempt to commit a felony and imposed a sentence of six months. The petitioner testified in this trial, and the trial court instructed the jury as to the credibility of the defendant as a witness.

The petitioner proceeded to trial on July 3, 1979, through another attorney, for the offense of attempted murder first degree. The jury found the defendant guilty of aiding and abetting David Graham in an assault with the intent to commit voluntary manslaughter and imposed a sentence of ninety days and a fine of $500.

At the guilty plea hearing on July 17, 1979, the trial court thoroughly informed the petitioner of his rights prior to accepting his plea. The trial court informed the petitioner: (1) the charges against him and that the state had the burden of proving them; (2) the potential sentence and the sentence agreed upon in the plea agreement; (3) the petitioner's right to a trial by jury and the state's obligation to prove the charges beyond a reasonable doubt; (4) if the petitioner had fully discussed the charges with his attorney and whether he was satisfied with his representation; (5) that the petitioner had a right to confront the witnesses against him; (6) the conviction could be used to deem the petitioner an habitual criminal in the future; (7) of the evidence against him; and (8) by pleading guilty, the petitioner was waiving his right to appeal. Except for the advice against self-incrimination, the trial court fully complied with the mandates of *State v. Mackey*, 553 S.W.2d 337, 339-40 (Tenn. 1977). The petitioner acknowledged that his plea was knowing, intelligent, and voluntary. As to the petitioner's reasons for pleading guilty, the following colloquy took place between the trial court and the petitioner:

8

Q. Now are you pleading guilty to this charge of grand larceny because you are in fact guilty of it?

A. No, not really.

Q. Why are you doing it?

A. To keep from getting more time.

Q. Huh?

A. To keep from getting more time.

Q. To keep from getting more time. You understand that if these witnesses were called to testify in this case, that a jury could convict you on the basis of this evidence?

A. Yes.

Q. And that in spite of the fact that you say that this one witness, Jimmy Maggard, is lying; that they might believe him and not you? Is that the reason you are pleading guilty?

A. Yes.

In conclusion, we are convinced that the petitioner desired to plead guilty, even in the absence of the advice against self-incrimination, to obtain the certainty of his sentence rather than have the jury impose a more severe sentence. We find the petitioner has failed to carry his burden by a preponderance of the evidence that his plea of guilty was not knowingly, intelligently, and voluntarily entered on July 17, 1979.

The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
NORMA McGEE OGLE, JUDGE