IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville November 2, 2010

## JOHN GRIGGS v. STATE OF TENNESSEE

**Appeal from the Shelby County Criminal Court**
**Nos. 05-08608, 06-05604        John P. Colton, Jr., Judge**

_____

**No. W2009-02601-CCA-R3-PC   -   Filed March 11, 2011**

_____

The Petitioner, John Griggs, appeals the Shelby County Criminal Court's denial of post-conviction relief from his convictions for aggravated kidnapping, kidnapping, aggravated burglary, aggravated assault, and attempted rape, for which he received an effective sentence of eleven years. On appeal, the Petitioner contends that his guilty pleas were not entered voluntarily and knowingly because he was not informed of his right against compulsory self-incrimination. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Robert C. Brooks (on appeal) and Charles Perkins (at trial), Memphis, Tennessee, for the appellant, John Griggs.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Chris Scruggs and Stephanie Johnson, Assistant District Attorney Generals, for the appellee, State of Tennessee.

**OPINION**

At the guilty plea hearing, the Petitioner stipulated that at a trial, the State would show his kidnapping conviction resulted from an argument he had with his ex-girlfriend on April 24, 2005. That evening, the police responded to a domestic violence call at the home of Lavisha Butler. Ms. Butler informed the police that she and the Petitioner argued about where she was going that evening and who she would see. The argument escalated, and the Petitioner pushed Ms. Butler into a bathtub, causing her to hit her head. He duct-taped her hands and feet and covered her mouth. The Petitioner filled the bathtub with water, pushed

Ms. Butler's head under the water, and questioned her. She told the police she believed the Petitioner was going to kill her. The Petitioner eventually removed the duct tape, and Ms. Butler walked outside and called 9-1-1.

With regard to the remaining convictions, the Petitioner stipulated that at a trial, the State would show that on May 11, 2005, he entered Ms. Butler's home by prying open a locked gate and climbing through a window. He kicked down a locked bathroom door and found Ms. Butler in the bathtub. He struck Ms. Butler, cut her lip, forced a sock into her mouth, and placed duct tape over her mouth. The Petitioner attempted to have sex with her but was unable. He then forced Ms. Butler into a car and attempted to persuade her to reconcile their relationship. Ms. Butler began screaming when the Petitioner stopped the car at a store, and the Petitioner ran away.

The Petitioner was sentenced pursuant to a plea agreement as a Range I, standard offender to eight years' confinement for the aggravated kidnapping conviction, three years' confinement for kidnapping, three years' confinement for aggravated burglary, three years' confinement for aggravated assault, and two years' confinement for attempted rape. The aggravated kidnapping and kidnapping convictions were ordered to be served consecutively, for an effective eleven-year sentence.

In his petition for post-conviction relief, the Petitioner contended that his guilty pleas were not entered voluntarily and knowingly because the trial court did not inform him of his right against compulsory self-incrimination and that he did not have independent knowledge of the right. At the post-conviction hearing, trial counsel for the Petitioner testified that he had practiced criminal defense law for twenty-three years. He said he discussed the Petitioner's rights with him before the Petitioner entered into the plea agreement. Although he said he advised the Petitioner of his right not to incriminate himself, he could not remember if he told the Petitioner that the right applied at the guilty plea hearing.

On cross-examination, trial counsel testified that before allowing a client to proceed with a guilty plea, he would explain the plea agreement and go over every right waived pursuant to the plea. He said he underlined the rights as he explained them to clients. He said that he would write "any questions?" on the plea agreement and that if his clients had no questions regarding the plea or their rights, he had them write "no" on the plea and sign their name. He said that he would not allow a defendant to plead guilty if he was not satisfied that the defendant understood his or her rights. He identified the Petitioner's plea agreement and waiver of rights. He said he explained to the Petitioner each of the rights being waived pursuant to the plea and underlined each of the rights as they were explained. He said he underlined and explained the Petitioner's right not to be compelled to incriminate himself. He said that he wrote "any questions?" on the plea agreement, that the Petitioner

did not have any questions regarding the plea or his rights, and that the Petitioner wrote "no" and signed the plea agreement.

Trial counsel testified that he was present at the guilty plea hearing when the trial court reviewed the Petitioner's rights. He agreed the trial court informed the Petitioner that he had the right to plead not guilty. He said he would have stopped the hearing if the Petitioner had not understood his rights or had wished to proceed to trial.

The Petitioner testified that he knew he had the right not to incriminate himself at trial. He said that he was not advised that the right also applied to guilty plea hearings and that he did not know he had the right not to incriminate himself at the guilty plea hearing.

On cross-examination, the Petitioner testified that he incriminated himself at the guilty plea hearing by pleading guilty to offenses he did not commit, but that he did not know what the word "incriminate" meant. He agreed that before pleading guilty, trial counsel showed him a "petition for waiver of trial by jury and request for acceptance of a plea of guilty." He said that trial counsel did not advise him of "anything" and that trial counsel only informed him of the charges, the sentence negotiated for each charge, and where he needed to sign the plea agreement. He said trial counsel did not read or underline the rights he waived pursuant to the plea agreement before he signed it. He agreed that he signed his name on the plea and that he wrote "no" and initialed his response next to a handwritten note asking if he had any questions. He agreed the trial court at the guilty plea hearing asked him if he and his attorney went over his rights. He said he did not remember if the trial court asked him if he understood that he did not have to plead guilty.

The trial court discredited the Petitioner's testimony and found that the Petitioner was aware of his right not to incriminate himself. The court noted that although the transcript of the guilty plea hearing did not reflect that the Petitioner was advised of his right not to incriminate himself at the hearing, testimony at the post-conviction hearing and the written plea agreement showed that trial counsel "throughly explained" the Petitioner's right against self-incrimination. The trial court also found that the Petitioner entered his guilty pleas knowingly and voluntarily. The trial court noted that the Petitioner understood the charges against him, that he was advised of his right to a jury trial, and that the Petitioner stated at the guilty plea hearing that he was satisfied with trial counsel's performance.

On appeal, the Petitioner contends that his guilty pleas were not entered voluntarily and knowingly because the trial court did not inform him of his right against compulsory self-incrimination and that he did not have independent knowledge of the right. The State contends that the trial court properly held that the Petitioner's pleas were knowing and voluntary. We agree with the State.

The burden in a post-conviction proceeding is on the Petitioner to prove his allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006); Dellinger v. State, 279 S.W.3d 282, 294 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2006).

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). The court reviewing the voluntariness of a guilty plea must look to the totality of the circumstances. See State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The circumstances include

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)). A plea resulting from ignorance, misunderstanding, coercion, inducement, or threats is not "voluntary." Blankenship, 858 S.W.2d at 904.

Entry of a guilty plea effectively constitutes a waiver of certain constitutional rights: the right against compulsory self-incrimination, the right to confront one's accusers, and the right to trial by a jury. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). To verify that a defendant enters into a guilty plea knowingly and voluntarily, the trial court must question the defendant on the record to "ensure the defendant understands that by entering the plea he is waiving the privilege against self-incrimination, the right to a jury trial, and the right to confront his accusers." Howell v. State, 185 S.W.3d 319, 331 (Tenn. 2006) (citing Boykin, 395 U.S. at 243-44). If the trial court fails to advise a defendant of these rights, the burden shifts to the State to establish that the guilty plea was entered into knowingly and voluntarily. Johnson v. State, 834 S.W.2d 922, 925-26 (Tenn. 1992). A defendant is not entitled to relief if the State establishes that there was substantial compliance with the advice requirement. Id.; see also Paul L. Hawkins v. State, No. 61, Shelby County, slip op. at 6

(Tenn. Crim. App. Aug. 1, 1990) ("If the trial judge substantially complies with these requirements, and the record establishes that the defendant voluntarily and intelligently entered his plea of guilty, the defendant's conviction is valid.").

At the guilty plea hearing, the Petitioner testified that he attended college for two years. In response to questions from the trial court, the Petitioner said that trial counsel explained his rights and that he understood he could plead not guilty. He said he understood that he had the right to a jury trial where he could confront the State's witnesses and the right not to testify at trial. He said he wished to waive these rights and plead guilty, but he later recanted after the trial court informed him of the increased sentences he could face if he went to trial. After a brief recess during which the Petitioner conferred with trial counsel, the Petitioner said that he was initially unable to plead guilty because he felt overwhelmed after seeing his children at the hearing. He said that he did not want to have a trial and that he was "ready to get all of this behind" him. The trial court asked the Petitioner if he had any questions regarding his rights or the consequences of his guilty pleas, and the Petitioner said no. The Petitioner said that he was not pressured or forced to plead guilty and that he was satisfied with trial counsel's representation.

Although the transcript of the guilty plea hearing reflects that the trial court did not use the phrase "self-incrimination" when explaining the Petitioner's rights and did not explain that the right applied to the guilty plea hearing, it does reflect that the court advised the Petitioner that he had the right to plead not guilty and the right to a jury trial where he could testify or remain silent. This court has held that similar explanations of the right against compulsory self-incrimination constituted substantial compliance with the advice requirement. In Paul L. Hawkins, the trial court advised the defendant that if he did not enter a plea of guilty and instead went to trial, he had the right to testify if he wanted to but that he was not required to testify. On a different charge, the trial court advised the defendant that he would not be required to present evidence. On appeal, this court stated that trial courts were not required to use any precise language when explaining the right against compelled self-incrimination and held that "the simplistic language used by the trial judges in these cases was more readily understandable by a layman . . . [and] certainly constituted substantial compliance with this requirement." See Paul L. Hawkins, slip op. at 5; see also Robert Allen Rosenbaum v. State, No. 972, Sullivan County, slip op. at 3-4 (Tenn. Crim. App. Sept. 9, 1994) (concluding substantial compliance with Boykin when the trial court advised the defendant that he had the right to a trial at which he could testify but that he was not required to testify). We conclude that the trial court's explanation of the right against compulsory self-incrimination substantially complied with the advice requirement.

We recognize that a guilty plea constitutes a judicial confession in that the waiver of the right against compulsory self-incrimination occurs upon the entry of the plea. In this

regard, the trial court should explain to a defendant intending to plead guilty that the right against self-incrimination embraces not only a right applicable to a trial but to the guilty plea hearing. Brady v. United States, 397 U.S. 742, 747-48 (1970); State v. Montgomery, 840 S.W.2d 900, 904 (Tenn. 1992). However, we do not view the distinction between the trial right and guilty plea hearing right to be significant in this case. In Montgomery, our supreme court noted that advice regarding the right against compulsory self-incrimination at the trial "would constitute compliance with Boykin except in the most extraordinary factual situations in which the defendant could demonstrate that he reasonably understood the advice related to any future trial but not the guilty plea proceeding." 840 S.W.2d at 904.

As previously noted, the Petitioner was aware of and understood his right to proceed to trial upon a not guilty plea if he so desired. He chose instead to accept the plea agreement and the recommended sentence–circumstances which reasonably reflect an awareness that his involvement in the guilty plea hearing would lead to his conviction and sentencing. The Petitioner testified that his attorney and the trial court did not advise him that his right against compulsory self-incrimination applied at the guilty plea hearing and that he was unaware that it applied to anything other than a trial. This general claim of lack of awareness does not, under the record before us, constitute a demonstration of a most extraordinary factual situation as contemplated in Montgomery. It would defy reason for us to conclude that the Petitioner was unaware that his entry of guilty pleas would waive certain constitutional rights, particularly his right against self-incrimination, which he knew he would have if he pled not guilty.

Furthermore, we concur in the trial court's conclusion that the Petitioner's guilty pleas were voluntarily and knowingly entered. The record reflects that trial counsel discussed the Petitioner's rights with him before the Petitioner signed the plea agreement. Trial counsel explained to the Petitioner each of the rights being waived pursuant to the plea and underlined each of the rights as they were explained. The plea agreement informed the Petitioner that he had the right to counsel at all stages of the proceedings and the right not to be compelled to incriminate himself. This admonition against self-incrimination did not indicate that it only applied at trial. The Petitioner signed his name on the plea agreement and indicated that he did not have any questions regarding the plea or the rights waived pursuant to it. The trial court explained to the Petitioner at the guilty plea hearing that he had the right to plead not guilty, the right to a jury trial where he could confront the State's witnesses, and the right not to testify. The Petitioner said that he understood these rights and that he did not have any questions regarding his rights or the consequences of his guilty pleas. The Petitioner said that he was not pressured or forced to plead guilty and that he was satisfied with trial counsel's representation.

The record also reflects that the Petitioner completed two years of college, that he had multiple opportunities to confer with competent trial counsel before entering his guilty pleas, that he was aware he could face increased penalties if he went to trial, and that the plea agreement resulted in one charge of aggravated kidnapping being reduced to kidnapping and one charge of domestic assault being dismissed. The Petitioner entered his guilty pleas after stating that he did not want to have a trial and that he was ready to put his criminal offenses behind him. We hold that under the totality of the circumstances, the Petitioner failed to establish that he did not knowingly and voluntarily enter into his guilty pleas. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE